IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENNETH PAUL BEAVER,

    Defendant.

Civ. No. 6:93-cr-60101-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

    Defendant, *pro se*, filed this motion to amend order revoking supervised release, ECF No. 82, on June 30, 2014. Defendant seeks to: (1) modify an order imposing a twenty-four month term of imprisonment so that it may be served concurrently or, in the alternative, (2) to self-surrender and serve his twenty-four-month term at a minimum security correctional facility where he can enroll in intensive drug and mental health programs. Because (1) this Court previously considered defendant's criminal history and relevant mitigating circumstances and (2) defendant did not provide any new information to justify the requested modification, defendant's motion to amend order revoking supervised release, ECF No. 82, is DENIED.

    On September 19, 1994, defendant plead guilty to Felon in Possession of a Firearm (Armed Career Criminal)[1] and was sentenced to 235 months in custody followed by a 5-year

---

[1] At that time, defendant "had prior convictions for rape in the second degree and two burglaries in the second degree along with a forgery in the first degree, possession of a controlled substance and a felony theft." Pl.'s Resp. 1, ECF No. 84.

1 – OPINION AND ORDER

term of supervised release. Defendant's term of supervised release commenced on August 26, 2011.

On November 8, 2011, this Court issued a petition for warrant and order to show cause why the term of supervised release previously ordered should not be revoked based on the probation officer's allegation that defendant violated the conditions of release.

On July 17, 2012, defendant appeared with counsel at a hearing to determine whether defendant's supervised release should be revoked. Defendant admitted that he had violated the standard condition of supervised release, i.e., compliance with federal, state and local criminal law, by committing Robbery II, ORS § 164.405.

On August 3, 2012, this Court revoked defendant's supervised release and imposed twenty-four month term of imprisonment to be served consecutive with the sentence imposed by the State of Oregon in Case No. 11-1333.

Defendant now moves this Court to modify the August 3, 2012 order. However, upon consideration, this Court declines to modify the earlier order. Defendant's criminal history and relevant mitigating factors were previously considered. Moreover, defendant did not provide this Court with any new information to justify the requested modification. *See also* Order, Aug. 3, 2014, ECF No. 81 ("[D]efendant is no longer amenable to supervision."). Accordingly, defendant's motion to amend order revoking supervised release, ECF No. 82, is DENIED.

IT IS SO ORDERED.

DATED this 28th day of July, 2014.

---
Michael J. McShane
United States District Judge

2 – OPINION AND ORDER